UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FLOYD ALLEN, JR.

VERSUS

M/G TRANSPORT SERVICES, INC.

CIVIL ACTION

NO. 09-791-JJB-CN

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Summary Judgment (doc 8). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

On August 25, 2009, Plaintiff Floyd Allen, Jr. ("Allen") filed suit in Louisiana state court against M/G Transport Services, LLC ("M/G") under the Longshore Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq., for injuries he sustained while performing stevedoring operations aboard M/G's Barge MGR 5403 ("the barge"), (doc. 1, exhibit A). The case was removed to this Court on September 23, 2009 (doc. 1).

On January 10, 2006, Allen was shoveling waste materials from atop the barge on behalf of his employer Cooper/T. Smith Stevedoring ("Cooper") (doc. 8, exhibit B, interrogatory 12). That day, Cooper was solely responsible for the stevedoring operations as M/G had no employees or personnel present (doc. 8, exhibit C, pg. 2). While Allen was atop the barge, and without first notifying him, members of Cooper's crew attempted to close the barge's roll-top cover (doc. 8, exhibit B, interrogatory 12). Customarily, crews close a barge's roll-top cover using a device called a winch; instead, the crew attached a crane to the roll-top

1

cover, which caused the barge to jerk suddenly, throwing Allen from the top of the barge (doc. 8, exhibit B, interrogatory 12). The crane was not an appurtenance of the barge, nor was it owned or operated by M/G (doc. 8, exhibit C, pgs. 1-2).

As a result of the fall, Allen sustained a broken fibula, tibia, ankle and foot; fractured toes and structural knee damage (doc. 8, exhibit B, interrogatory 3). From January 10, 2006 until October 9, 2008, Cooper voluntarily paid LHWCA benefits to Allen (doc. 8, exhibit B, interrogatory 19).

On August 25, 2009, Allen filed suit against M/G (doc. 1, exhibit A). And on July 10, 2010, M/G moved for summary judgment on the grounds that (1) Allen's case was barred by the statute of limitations and (2) Allen had no right to relief under the LHWCA (doc. 8).

The party moving for summary judgment bears the burden of establishing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

**I. Statute of Limitations**

Defendant moves for summary judgment on the grounds that Plaintiff's suit is barred by the statute of limitations. Defendant asserts that Plaintiff's claim is subject to the three-year statute of limitations set out in the Uniform Statute of Limitations Act for Maritime Torts ("USLAMT"), 46 U.S.C. App. § 763(a) (doc. 8, pg. 11).

Plaintiff asserts that his suit is not barred because the LHWCA permits a plaintiff to file suit within one year from the time a party making voluntary benefit payments under the Act ceases making payments (doc. 8, exhibit B, par. 3).

Congress enacted the USLAMT to create a uniform statute of limitations in maritime tort cases in order to prevent the confusion and forum shopping that resulted from the application of varying state statutes of limitations. *Butler v. Am. Trawler Co.*, 887 F.2d 20, 22 (1st Cir. 1989). The USLAMT provides that "*[u]nless otherwise specified by law*, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued." 46 U.S.C. App. § 763(a) (emphasis added); *see also*, *Butler*, 887 F.2d at 22 (stating that the phrase "unless otherwise specified by law" refers to federal law, not state law).

However, the LHWCA specifically provides for a different prescriptive period, and thus displaces the three-year period set out in the USLAMT. It reads:

> [T]he right to compensation for disability or death . . . shall be barred unless a claim therefore is filed within one year after the injury or death. If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within one year after the date of the last payment.

33 U.S.C. § 913(a). Thus, a plaintiff generally must file suit within one year of the date of injury, but if the plaintiff receives voluntary compensation payments

3

before receiving an award, the plaintiff may file suit within one year of the date of the last payment. *Id.*

The Court finds that there is no genuine issue of material fact regarding the applicable prescriptive period. From January 10, 2006 to October 9, 2008, Cooper voluntarily paid Allen LWHCA benefits (doc. 8, exhibit B, interrogatory 19). Plaintiff filed suit on August 25, 2009 (doc. 8, exhibit A). Moreover, though the USLAMT provides for a general three-year statute of limitations in maritime cases, it is displaced by the LHWCA which provides that a plaintiff has one year from the date of the last compensation payment in which to file its claim. Therefore, the Court will DENY Defendant's Motion for Summary Judgment on the grounds that Plaintiff's claim was not timely filed.

## II. Liability under 33 U.S.C. § 905(b)

Defendant also moves for summary judgment on the grounds that Plaintiff has no right to relief under the LHWCA under the facts established. Plaintiff argues that Defendant is liable under the LHWCA because (1) M/G knew or should have known that the horn in the barge's crane was not working properly and this created an unreasonably dangerous condition in that the crane operator could not have warned Allen he was about to close the barge's roll-top cover (doc. 8, exhibit A, par. 7); (2) M/G maintained active control of the barge and failed to properly maintain or supervise the work performed by the crew unloading the barge (doc. 8, exhibit A, par. 6); and (3) even if M/G did not have

control over the barge, it knew the crane's horn was defective and had a duty to intervene in the offloading to prevent an accident (doc. 8, exhibit A, par. 8).

Defendant argues that (1) it cannot be liable for the condition of the crane because the crane was not an appurtenance of the barge and M/G did not own or operate the crane (doc. 8, pg. 2); (2) Allen's employer, Cooper, had exclusive control over the offloading of the barge, and M/G had no employees or personnel present on the date of the accident (doc. 8, pg. 2); and (3) M/G had no duty to intervene to protect Cooper's employees because it had no reason to know that they would attempt to open the barge's roll-top with a crane while Allen was atop the barge or that they would fail to warn Allen before doing so (doc. 8, pg. 3).

The LHWCA governs claims by a longshoreman against the owner of a third-party vessel for injuries sustained during stevedoring operations as a result of the vessel-owner's negligence. 33 U.S.C. §§ 903, 905. To state a claim for vessel negligence under § 905(b) of the LHWCA, the plaintiff must establish that the vessel owner has violated either its (1) "turnover duty," (2) "active control duty" or (3) "duty to intervene." *Scindia Steam Nav. Co. v. De Los Santos*, 451 U.S. 156, 161, 167-68 (1981); *Randolph v. Laeisz*, 896 F.2d 964, 971 (5th Cir. 1990).

A vessel-owner violates its "turnover duty" when, before stevedoring operations had begun, the vessel-owner knew or should have known that the vessel presented a condition which created an unreasonable risk of harm to

those engaged in stevedoring operations and failed to exercise reasonable care in protecting against the risk. *Scindia*, 451 U.S. at 161.[1]

A vessel owner violates its "active control" duty when, after stevedoring operations had begun, the vessel-owner failed to exercise reasonable care to prevent injuries to longshoreman "in areas or from equipment, *under the active control of the vessel* during the stevedoring operation." *Id.* at 167-68 (emphasis added).

A vessel-owner violates its "duty to intervene" when, after the stevedoring operations had begun, the vessel-owner failed to protect the stevedore's employees from a substantial risk of danger in areas or from equipment *under the principal control of the stevedore,* when the vessel-owner knew that it could not rely on the stevedore to protect its own employees. *Randolph*, 896 F.2d at 971 (emphasis added).

The Court finds that there are no genuine issues of material fact and that Defendant is entitled to summary judgment. First, the crane, which allegedly had

---

[1] According to the Supreme Court of the United States, the vessel-owner's duty includes:
> exercising ordinary care under the circumstances to have the ship and its equipment in such condition that an expert and experienced stevedore will be able by the exercise of reasonable care to carry on its cargo operations with reasonable safety . . ., and to warning the stevedore of any hazards on the ship or with respect to its equipment that are known to the vessel or should be known to it in the exercise of reasonable care, that would likely be encountered by the stevedore in the course of his cargo operations and that are not known by the stevedore and would not be obvious to or anticipated by him if reasonably competent in the performance of his work.

*Scindia*, 451 U.S. at 161.

a defective horn, was not an appurtenance of the barge, nor did M/G own or operate the crane, and so M/G bore no responsibility for the crane's condition (doc. 8, exhibit C, Affidavit of Johnny M. Goyne, Barge Maintenance Manager for M/G, pg. 1).  Nor were the barge's roll-top covers damaged or defective (doc. 8, exhibit C, pg. 2).  Thus, Allen has failed to point to any evidence demonstrating that the barge itself had a condition which created an unreasonable risk of harm, and so M/G could not have violated its "turnover duty."

Second, Allen has provided no evidence that M/G maintained active control of the barge's operation at the time of the accident (doc. 8, exhibit B, interrogatory 13).  Allen's employer, Cooper, and *not* M/G, was responsible for the offloading of the barge on the date of the accident (doc. 8, exhibit C).  Moreover, M/G was not involved in the towing or delivery of the barge; instead, a third-party delivered the barge to Cooper (doc. 8, exhibit C, pg. 2).  M/G had no employees or personnel aboard the barge or the unloading dock on the date of the accident (doc. 8, exhibit C, pg. 2).  Thus, Allen has failed to show that M/G was under active control of the vessel during the stevedoring operations and so M/G could not have violated its "active control duty."

Third, Allen has failed to provide any evidence demonstrating that M/G had reason to know that Cooper's employees would attempt to close the barge's roll-top with a crane; would attempt to close the roll-top while Allen was atop the barge; or that they would fail to warn Allen before doing so.  Thus, Allen has failed to show that M/G knew or should have known that Cooper could not be

relied upon to protect its own employees and so M/G could not have violated its "duty to intervene." (doc. 8, exhibit C, pg. 2).

Therefore, the Court will GRANT Defendant's Motion for Summary Judgment.

## CONCLUSION

Because Plaintiff has failed to demonstrate a genuine issue of material fact regarding Defendant's liability under the LHWCA, the Court GRANTS Defendant's Motion for Summary Judgment (doc. 8).

Baton Rouge, Louisiana, September 29th, 2010.

```
                                    JAMES J. BRADY, JUDGE
                                    MIDDLE DISTRICT OF LOUISIANA
```